9305

STATE v. BROWN.

(88 S. E. 21.)

1. CRIMINAL LAW — CORPUS DELICTI — QUESTIONS FOR COURT. — Until there is proof of the *corpus delicti,* defendant is entitled to a verdict of not guilty, the question whether there is any proof being for the Court, but the sufficiency of the evidence being for the jury.

2. ARSON—PROSECUTION—"CORPUS DELICTI."—In a case of arson the *corpus delicti* consists of two elements, the burned structure, and the criminal act in causing the burning, and proof of both is essential; therefore, where there was no proof that defendants burned plaintiff's barn, they must be discharged.

3. CRIMINAL LAW—EVIDENCE—CONVERSATIONS.—Until there is some evidence of the *corpus delicti,* extrajudicial confessions are not admissible; so defendant's statement that he would not be surprised if another's barn burned and he was accused is not admissible, in the absence of other evidence than the burning.

4. CRIMINAL LAW—EVIDENCE—BLOODHOUNDS.—In view of Criminal Code 1912, sec. 945, providing for the use of bloodhounds for tracking escaped convicts and fugitives from justice, the conduct or action of dogs which were placed on the supposed track of the offender is admissible as a circumstance to be weighed with other circumstances.

5. CRIMINAL LAW—EVIDENCE—BLOODHOUNDS.—For the conduct of dogs placed on the trial of the supposed offender at the scene of the crime to be of any value, their instinct must have been untrammeled; therefore actions of dogs after those in charge refused to let them enter the premises of another to which they first went are of no value against defendants.

6. CRIMINAL LAW — EVIDENCE — BLOODHOUNDS. — Where the owner of dogs used to track the offender from the scene of crime testified that after the tracks were 18.or 20 hours old the dogs were of little value, evidence of the actions of the dogs which were put on the tracks after that time is inadmissible.

7. CRIMINAL LAW—EVIDENCE—ACTS OF DOGS.—Evidence of the acts of dogs used to trail the supposed offenders from the scene of crime is not inadmissible on the ground that the dog is the witness and cannot be cross-examined.

8. ARSON — EVIDENCE — CORPUS DELICTI. — The *corpus delicti* of the offense of arson cannot be established by the conduct of bloodhounds in seeking out defendants, though the animals were put on the trails of the supposed offenders.

Before SHIPP, J., Monck's Corner, March, 1915. Reversed.

Washington J. Brown and another were convicted of arson, and they appeal. Reversed and remanded, with directions to be discharged unless held on some other charge.

FOOTNOTE.—As to proof of *corpus delicti,* see notes in 68 L. R. A. 41, 49, 55, 69, 71, 78, Ann. Cas. 1914c, 330; in arson cases, see 16 L. R. A. (N. S.) 285, 13 A. & E. Ann. Cas. 803. As to evidence of trailing by bloodhounds, see notes in 42 L. R. A. (N. S.) 870, 3 A. & E. Ann. Cas. 897, 10 A. & E. Ann. Cas. 1127, 25 A. & E. Ann. Cas. 1912d, 39, 35 A. & E. Ann Cas. 1915a, 1193.

*Messrs. Stoney & Cordes* and *J. D. E. Meyer, Jr.,* submit : *As to proof of corpus delicti. The corpus delicti consists of two component parts: First, the existence of a certain fact or result forming the basis of the criminal charge; and, second, the existence of a criminal agency as the cause:* 43 Ark. 331; 5 Colo. App. 91; 5 Cush. (Mass.) 295; 43 Miss. 472; 78 Mo. 438; 23 Mont. 473; 42 N. Y. 6; 49 N. Y. 137; 157 N. Y. 584; 160 N. Y. 402; 3 Ohio Cir. Dec. 48; 5 Ohio Cir. Ct. 94; 5 Pa. Dist. 403; 14 Texas App. 545; 17 Texas App. 287; 28 Texas App. 316; 29 Texas App. 458; 34 Texas Crim. 546; 21 Gratt (Va.) 809; 73 S. C. 324. *Before a conviction can be had, it is incumbent upon the prosecution to prove both of the constituent elements of the corpus delicti beyond a reasonable doubt:* Brun. Col. Cas. U. S. 532; 26 Fed. Cas. No. 15360; 14 Texas App. 545; (Texas Crim., 1893) 24 S. W. Rep. 285; (Mass.) 9 Met. 93; (Miss., 1900) 27 So. Rep. 601; 109 N. Y. 374; 108 N. Y. 67; 8 Phila. (Pa.) 623. *Proof of corpus delicti is the first essential fact in a criminal charge, and where it is not shown beyond a reasonable doubt, a conviction must be set aside:* 57 S. E. 956. *The corpus delicti must be clearly established to justify a conviction for felony:* 4 Strob. 266-272. *Proof of corpus delicti is essential to authorize a conviction of crime:* 19 S. E. 876; 83 S. E. 890; 197 U. S. 222; 100 N. Y. 590; 53 Am. Dec. 263; 81 S. C. 100; 58 S. C. 495; 77 S. C. 344; 68 S. E. 917; 64 So. 215; 73 S. C. 340-354; 64 S. C. 566-569; 7 Rich. L. 336. *The circumstantial evidence neither establishes the corpus delicti nor connects the defendants with the crime charged:* 4 Strob. 266-272; 118 Ga. 320; 68 L. R. A. 33. *This Court may grant new trial or direct acquittal:* 64 S. C. 566, 569; 73 S. C. 340, 354; 100 S. C. 433. *Constitutional right of an accused to be confronted by the witnesses against him, and what is an invasion of that right:* 156 U. S. 237; 75 Am. St. Rep. 753; 45 L. R. A. 638; 149 Fed. 123; 64 N. C. 74; 131 Ga. 771; 154 U. S. 237; 12 S. C. 89; 35 S. C. 197; 12 S. C. 96; 83

S. C. 478-486; 154 Ala. 18; 129 Am. St. Rep. —; 65 S. C. 247. *As to admissibility of bloodhound evidence. Such evidence is inadmissible in all cases, because it is in violation of the defendants' constitutional privilege of being confronted by the witnesses against them, guaranteed every accused by the Constitution of the United States:* 42 L. R. A. 432; 437; 63 L. R. A. 789; Law Notes, June, 1903; 57 Alb. L. J. 131; 34 Canadian L. J. 286; 104 N. E. 804. *Such evidence is inadmissible unless amplified and endorsed by cumulative or corroborative human testimony:* 64 So. 215; 50 L. R. A. (N. S.) 1112; 60 S. E. 986. *Evidence of trailing by bloodhounds is inadmissible unless preliminary foundation for its admission is laid.* (a) *Requisite and necessary preliminary proof as set out in the leading cases:* 42 L. R. A. 432; 13 L. R. A. (N. S.) 341; 6 Ohio C. C. (N. S.) 515; 35 L. R. A. (N. S.) 870; 65 S. E. 995; 153 N. C. 591; 68 S. E. 917; 82 S. W. 589; 35 L. R. A. (N. S.) 870, 875; 60 S. E. 986. *The evidence of the alleged trailing of the defendants is inadmissible in the case at bar, even if as a class such evidence is held to be competent, because the preliminary requisites were not satisfied:* 42 L. R. A. 435 and 436; 64 So. 215; 50 L. R. A. (N. S.) 1112, 1113. *As to trailing experiment:* 66 So. 139. *Defendant's requests to charge:* 55 L. R. A. 98; 144 S. W. 460; 65 S. E. 996; 1 Ohio Dec. (Reprint) 407; 35 L. R. A. 872; 68 S. E. 917; 144 S. W. 448. *Corpus delicti:* 109 N. Y. 113; 4 Am. St. Rep. 423; 55 L. R. A. 99; 12 S. C. 96.

*Mr. Wm. C. Wolfe,* for respondent, cites: *As to corpus delicti:* 47 S. C. 67-74; 42 N. E. 113; 78 Am. Dec. 248; 62 Am. Dec. 177; 108 N. Y. 67; 109 N. Y. 110; 87 Va. 356; 11 A. & E. Ency. L. (2d ed.) 938; 76 Ala. 42. *As to bloodhound evidence:* Ann. Cas. 1912d, 39, note, relates to identity; 12 Cyc. 392 and 393; 47 S. C. 67; 5 Wigmore Ev. 22; 147 Ala. 97; 10 Ann. Cas. 1126; 239 Mo. 535; 144 S. W. 458; 35 L. R. A. (N. S.) 875; 98 Ala. 10; 13 So. 385;

3 Ohio N. P. 125; 20 So. 572; 84 S. W. 538; 56 S. E. 547; 60 S. E. 986; 52 So. 739; 65 S. E. 995; 68 S. E. 917; 80 S. W. 1008; 82 S. E. 969; 46 So. 166; 41 So. 82; 27 Ohio Cir. Ct. 539; Underhill Crim. Ev. (2d ed.), sec. 374a; 1 Wigmore Ev. 177; 46 Fla. 137; 35 So. 76; 262 Ill. 411; Ann. Cas. 1915a; 174 Ind. 395; 92 N. E. 161; 50 L. R. A. 1112; 35 L. R. A. 870. *Discretion of Court:* 83 S. C. 58, 60; 85 S. C. 273; 75 S. C. 264, 265. *Charge as to corpus delicti:* 71 S. C. 156; 72 S. C. 74, 442; 78 S. C. 384; 65 S. C. 161; 99 S. C. 433.

*Messrs. Stoney & Cordes,* for appellants, in reply, submit: *In all the cases cited, the dogs have been used for the purpose of capturing an unknown and unlocated criminal. And nowhere have we seen it held that the defendants can be first arrested, and then the dogs brought along and made to play the role of "identifiers" or "detectors" of the accused parties, and "supporters" of a theory of the guilt of certain parties arrested, previously formed and acted upon.*

March 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for statutory arson, *i. e.,* the burning of a barn. Mr. McNair, who for the purposes of this case was the owner of the barn, had a lawsuit with the father and sister of the defendants. There is evidence that the defendants were offended with Mr. McNair as the result of the lawsuit. The suit was about a mule which Mr. McNair took from these relatives of the defendants. One of the defendants is said to have remarked that the mule would do Mr. McNair no good. One of the defendants is also said to have remarked that he would not be surprised if a barn should be burned and he be accused of it. The very night of the day upon which the case was determined the barn was burned. The tracks of three people were discovered near

the place where the barn had been burned. Dogs were put on these tracks. These dogs went to where one of the defendants was under arrest. The other defendant rode up to the place where a crowd was assembled, and when he got on the ground the dogs went up to him. The witness who was in charge of the dogs testified that the dogs told him that these were the men they had been tracking. The defendants were convicted with a recommendation to mercy. From this judgment of conviction, the defendants appealed, with eight exceptions. The third, fourth, fifth, sixth and eighth exceptions include matters of fact with which this Court cannot deal, and they are overruled. The remaining exceptions raise three questions:

(1) Did his Honor err in refusing to direct a verdict for the defendants at the close of the State's testimony?

(2) Did his Honor err in refusing to direct a verdict for the defendants at the close of all the testimony?

(3) Did his Honor err in admitting the evidence of the conduct of the dogs in following the tracks?

1. Did his Honor err in refusing to direct a verdict for the defendants at the close of the testimony for the State? Before a defendant can be required to go into his defense, it is necessary that there shall be some proof of the *corpus delicti.* If there be no evidence to prove the *corpus delicti,* the defendant is entitled to a verdict of not guilty. The respondent claims that the proof of the *corpus delicti* is a question of fact, and is for the jury, and this Court cannot consider the question, and cites *State* v. *Martin,* 47 S. C. 67, 25 S. E. 113, as authority. The Martin case does not go so far. In the Martin case the question was not, Was there any evidence? but, Was there sufficient evidence? The sufficiency of evidence was, of course, a question for the jury. The Martin case states the true rule when it says (page 71 of 47 S. C., page 115 of 25 S. E.):

"The weight of modern authority is undoubted to the effect that all the elements constituting the *corpus delicti*

may be proven by circumstantial evidence. The *corpus délicti* in a case of murder consists of two elements, the death of a human being, and the criminal act of another in causing that death."

So in a case of arson the *corpus delicti* consists of two elements, the burned house, and the criminal act of another in causing the burning. If there is no evidence of either, the defendants are entitled to an acquittal, and he is entitled to an acquittal as a matter of law. In the Martin case a body was found in the remains of a burned building. A part of the head sufficient to cause death was cut off by a sharp instrument. The body was about the size of the alleged victim. Articles of personal property were found near the body, identified as the property of the alleged victim, and unburned pieces of cloth, recembling the clothing worn by him just before his disappearance. There were circumstances from which the jury might find that the body found was the body of some one who had been feloniously killed, and that the person killed was the alleged victim, Peter Patite.

In the case at bar we have only the first requisite, to wit, a burned barn. There is not a single circumstance to show that it was the result of the criminal act of another. There are only three things that can, by any possibility, be claimed as circumstances: (a) Tracks; (b) statements of the accused showing enmity; (c) the actions of the dogs.

(a) The peculiarities were not described, and the prosecuting witness said there was nothing peculiar about them. The evidence as to identity of tracks goes out and may be disregarded.

(b) Until there is some evidence of the *corpus delicti,* even confessions made out of Court are not admissible. 7 A. & E. Ency. of Law, p. 863, note.

(c) There is conflict in the authorities as to the admissibility of the action of dogs in tracking supposed criminals. Our Code contains a provision (Crim. Code, sec. 945) for

the "purchase and use of bloodhounds or other serviceable dogs for the tracing and arrest of escaped convicts and other fugitive lawbreakers." We cannot, therefore, say that that method that the law approved for locating a fugitive is of no value in the identification of the criminal. The authorities admit that the conduct of the dogs is only a circumstance to be weighed with other circumstances. Circumstances must be proved by competent evidence. If the testimony is admissible at all, its weight is for the jury.

It is very manifest that, if reliance is had upon the instinct of the dogs, then that instinct must be free and untrammeled. In the case at bar the dogs wanted to enter the premises of Adam Brown, and were not permitted to do so. This control of the animal, that is supposed to have the instinct, by the man, who has not the instinct, destroys any value it may have as evidence, and all reference to the conduct of the dogs should have been stricken from the record.

Further, the owner and manager of these dogs said:

"After a track is 18 or 20 hours old, I don't like to fool with it; you can do very well up to 15 hours."

The person relying upon the testimony must show that the dogs were within the period of efficiency, and the State failed utterly to do so. Mr. McNair saw the fire at between 10:30 and 11 o'clock on the night of the 18th, and the dogs did not come until 2:45 p. m. on the 19th. The shortest time puts the dogs within the period of unreliability. The testimony was inadmissible on this ground also.

It is claimed that the dog is the real witness, and cannot be used because he cannot be cross-examined. The dog is not the witness, and the objection does not apply.

We have treated the testimony as to the action of the dogs as if it could be used to make out the *corpus delicti.*

This is not true. We have allowed the State more than it is entitled to. The only thing the conduct of dogs could prove was that the defendants were at the place of the fire within 15 hours, and that would have put the defendants at the place of the fire after the fire had been burning for some (unknown) time.

Questions 2 and 3 have been considered under question 1.

The judgment appealed from is reversed, and the case is remanded to the Court of General Sessions for an order of discharge, unless they be held upon some other charge.