## W. I. Copley *v.* The State.*

### (*Nashville.* December Term, 1925.)

1. **ARSON.** In arson prosecution, where only evidence of criminal agency was that accused, and also wife in his presence without denial by him, said accused did not set the fire, but that they knew who did, proof of the corpus delicti was insufficient to sustain conviction.

   Where the only evidence of criminal agency in an arson prosecution was that the accused made statements, and his wife in his presence made statements which he did not deny, that the accused did not set the fire, but that they knew who did, proof of the *corpus delicti* was insufficient to sustain conviction, as proof that building was burned with criminal intent as well as that it burned is necessary to prove the *corpus delicti*. (*Post, pp.* 191-193.)

   Cases cited and approved: Tyner v. State, 24 Tenn., 383; Carey v. State, 26 Tenn., 499; Williams v. State, 80 Tenn., 211; State v. Carroll, 85 Iowa, 1; State v. Jones, 106 Mo., 302; State v. Parsons, 39 W. Va., 464; Spears v. State, 82 Miss., 613; State v. Brown, 103 S. C., 437.

   Case cited and distinguished: Ashby v. State, 124 Tenn., 684.

2. **CRIMINAL LAW.** Courts may take judicial notice that dogs of some varieties have acuteness of smell which enables them to follow trial upon which they are laid, though crossed by others.

   Courts may take judicial notice that dogs of some varieties, as bloodhounds, foxhounds, and bird dogs, have an acuteness of smell which enables them to follow a trail upon which they are laid, though it be crossed by others. (*Post, p.* 193.)

---

*On proof of *corpus delicti* in arson, see notes in 16 L. R. A. (N. S.), 285; L. R. A. 1916D, 1299.

As to evidence of trailing of persons by bloodhounds, see notes in 42 L. R. A., 432; 35 L. R. A. (N. S.), 870, L. R. A. 1917E, 730.

Copley v. State.

3. **CRIMINAL LAW.** Qualities and training of particular dog must be shown as foundation for admission of bloodhound evidence.

Qualities and training of the particular dog, whose performance is relied on, must be shown to introduce bloodhound evidence, as all dogs do not possess ability to follow a trail in same degree. (*Post, p.* 193.)

4. **CRIMINAL LAW.** When dog of good blood and individual merit is laid upon trail at point where circumstances indicate guilty party has been, its conduct in following trail which fairly points to accused as its maker, is admissible.

When a dog of good blood and proven individual merit is laid upon a trail, visible or invisible, at a point where circumstances indicate the guilty party was or upon a track appearing made by him, its conduct in following the trial which fairly points out the accused as its maker is admissible against him. (*Post, p.* 193.)

5. **CRIMINAL LAW.**

Bloodhound evidence is not alone sufficient to convict, but requires corroboration, and jury should be cautioned of this, and that dog's performances are not infalible. (*Post, pp.* 193-196.)

Cases cited and approved: Pedigo v. Commonwealth, 103 Ky., 41; State v. Dickerson, 189 N. Y., 294; Brott v. State, 70 Neb., 395; People v. Pfanschmidt, 262 Ill., 411; Ruse v. State, 115 N. E., 778.

6. **CRIMINAL LAW.** Bloodhound evidence is seldom competent as evidence of corpus delicti.

Bloodhound evidence is seldom competent as evidence of *corpus delicti*, as a bloodhound can pick up trail hours after it is made, and it does not indicate person trailed was present at a time when he might have been a criminal agent bringing about the fire or the death. (*Post, pp.* 196, 197.)

Case cited and approved: State v. Brown, 88 S. E., 21.

---

*Headnotes 1. Arson, 5 J., Sections 48, 63; 2. Criminal Law, 16 C. J., Section 964; 3. Criminal Law, 16 C. J., Section 1095; 4. Criminal Law, 16 C. J., Section 1095; 5. Criminal Law, 16 C. J., Sections 1569 (Anno), 2427; 6. Criminal Law, 16 C. J., Section 1095.

FROM FENTRESS.

Appeal in error to the Circuit Court of Fentress County—Hon. W. H. BUTTRAM, Judge.

WARD R. CASE, for plaintiff in error.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was charged with burning the storehouse of Stockton Bros. in Fentress county, and convicted of arson in this connection. He has appealed in error to this court.

The case must be reversed, since there is not sufficient proof of the *corpus delicti*. One of the Stockton brothers testified that the store was destroyed by fire. There was nothing in his evidence, however, to indicate a felonious burning. The only items of evidence which could be said to point to a criminal agency about this fire were statements made by the plaintiff in error and statements made by his wife, in his hearing, to the effect that plaintiff in error did not set fire to the store, but that they knew who did; that is to say, nothing brought out tends to show an incendiary burning, except statements made by the plaintiff in error himself, and statements made in his presence which he did not deny—his admissions and conduct.

Our earlier cases seem to hold that the *corpus delicti* must be proven by other evidence, and that the confessions or conduct of the defendant should not be looked to for this purpose. *Tyner* v. *State,* 24 Tenn. (5 Humph.), 383; *Carey* v. *State,* 26 Tenn. (7 Humph.), 499; *Williams* v. *State,* 80 Tenn. (12 Lea), 211.

In *Ashby* v. *State,* 139 S. W., 872, 124 Tenn., 684, which is the last expression of this court on the subject, it was held that the *corpus delicti* could not be established by confessions alone, but that the confessions must be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all the evidence so considered together the *corpus delicti* and the guilt of of the person with reference thereto was established beyond a reasonable doubt, it was the duty of the jury to convict.

"Undoubtedly some evidence of the *corpus delicti* should precede the introduction of the confessions of the prisoner, to the extent at least of showing, *prima facie* . . . that a crime had been committed, that is, in homicide cases the death of a human being, and criminal agency in producing that death. But, if the wrong order be followed in the trial court, it is not reversible error. . . . All of the elements constituting the *corpus delicti* may be proven by circumstantial evidence." *Ashby* v. *State,* supra.

To prove the *corpus delicti* in arson, it must be shown not only that the building was burned, but burned with criminal intent. *State* v. *Carroll,* 51 N. W., 1159, 85 Iowa, 1; *State* v. *Jones,* 17 S. W., 366, 106 Mo., 302; *State* v. *Parsons,* 19 S. E., 876, 39 W. Va., 464; *Spears* v. *State,* 46 So., 166, 82 Miss., 613, 16 L. R. A. (N. S.), 285, and

note; *State* v. *Brown,* 88 S. E., 21, 103 S. C., 437, L. R. A. 1916D, 1295, and note, page 1299.

In other words, the criminal agency must appear as noted in *Ashby* v. *State,* supra.

Since the case must go back for another trial, it becomes necessary to express our views upon the propriety of the admission in the trial of a criminal case of what is called "bloodhound evidence." Evidence of this description was admitted on the trial below, and a strong argument has been made to the effect that such evidence is inadmissible under any circumstances and for any purpose.

Evidence of this character has heretofore been thought competent by a majority of this court, as the court was constituted when the particular cases came before it. We have no reported case, however, dealing with the question.

It is a matter of common knowledge, of which courts may take notice, that dogs of some varieties, such as bloodhounds, foxhounds, and bird dogs, are remarkable for the acuteness of their sense of smell, which enables them to follow a trail upon which they are laid, even though this trail be crossed by others. When this special instinct or ability is developed through the training of generations, it is the more reliable. The breeding of the animal thus becomes important. All dogs, however, even of high breeding, do not possess this power or disposition in the same degree, and the qualities and training of the particular dog, whose performance is relied on, must be shown.

Bloodhounds for many years have been bred and schooled to track human beings. So, when such a dog

153 Tenn.—13.

of good blood, and of proven individual merit, is laid upon a trail, visible or invisible, at a point where circumstances indicate the guilty party has been, or upon a track appearing to have been made by the guilty party, conduct of the dog in following such a trail which fairly points out the defendant as the author of this trail is admissible as a circumstance against such defendant. The jury should be cautioned that a dog's performances are not infallible, should not be given undue weight, and that such evidence alone is not sufficient to convict, but requires corroboration.

The foregoing views are confirmed by the great weight of authority. The leading cases to this effect are *Pedigo* v. *Commonwealth,* 44 S. W., 143, 103 Ky., 41, 42 L. R. A., 432, 82 Am. St. Rep., 566, and *State* v. *Dickerson,* 82 N. E., 141, 189 N. Y., 294, 13 L. R. A. (N. S.), 314. Many cases in accord are collected in notes, 42 L. R. A., 432, 63 L. R. A., 789, 35 L. R. A. (N. S.), 870, L. R. A. 1917E, 730, 3 Ann. Cas., 897, 10 Ann. Cas, 1127, Ann. Cas., 1912D, 39, Ann. Cas., 1915A, 1193.

Corpus Juris states the rule as follows:

"Except in some jurisdictions, evidence of the conduct of a dog trailing accused, as from the scene of the crime to his dwelling or the place where he was found, or was shown to have been after the commission of the act, is competent and admissible, provided a proper preliminary foundation has been laid. Such evidence is not inadmissible on the ground that the dog is the witness and cannot be cross-examined. It is the human testimony which makes the trailing done by the animal competent. The fact that before the dogs were given the scent many people had trodden upon and over the scene of the crime

goes to the weight rather than the competency of the evidence. Such evidence is not admissible, however, where the dog was so controlled by a man that his instinct was not left free and untrammeled, or where he was put on a track so old that the actions of the dog are no longer reliable.

"The requisite preliminary foundation consists of a showing by a reliable person or persons having personal knowledge of the facts that the dog is of a stock characterized by acuteness of scent and power of discrimination, and that the dog in question is possessed of these qualities, that the particular dog used was trained, tested, and reliable, in the tracking of human beings; that he was laid on the trail where the circumstances tended to show that the guilty party had been, or on a track which the circumstances indicated to have been made by him; and that he followed such scent or track to, or toward, the location of defendant. This preliminary foundation may be strengthened by proof of pedigree and purity of blood, and in a number of cases it is either held or implied that it must be shown that the dog is of pure blood." 16 C. J., 564.

Ruling Case Law thus declares the law:

"While there is some authority against the admissibility of so-called bloodhound evidence, the great weight of authority maintains the rule that testimony as to the trailing by bloodhounds of one charged with crime may be permitted to go to the jury for what it is worth as one of the circumstances which may tend to connect the defendant with the crime, when it is shown by some one having personal knowledge of the fact that the dog in question is pure blood and of a stock characterized by

acuteness of scent and power of discrimination, is itself possessed of these qualities, and has been trained or tested in their exercise in the tracking of human beings, and that the dog so trained and tested was laid on the trail, whether visible or not, concerning which testimony has been admitted, at the point where the circumstances tend clearly to show that the guilty party has been, or upon a track which such circumstances indicate to have been made by him. But where there is a lack of preliminary proof as to the reliability of the hound and as to his experience, evidence of his conduct in tracing a defendant should not be admitted. Such evidence may be deemed a circumstance to be considered, in connection with other proof, in determining the guilt or innocence of the accused, but alone and unsupported it is insufficient to sustain a conviction; there must be other and human testimony to convict.'' 8 R. C. L., 184.

In *Brott* v. *State,* 97 N. W., 593, 70 Neb., 395, 63 L. R. A., 789; *People* v. *Pfanschmidt,* 104 N. E., 804, 260 Ill., 411, Ann. Cas., 1915A, 1171, and *Ruse* v. *State,* 115 N. E., 778, L. R. A., 9917E, 726, a contrary view is taken, and bloodhound evidence is held inadmissible. While some strong language is used in the three cases just noted, after all it seems that the objections to such evidence go to its weight rather than to its admissibility.

Under the restrictions heretofore indicated we think the evidence is competent, and accordingly adopt the majority rule.

Since a bloodhound is able to pick up a trail hours after it is made, the period depending on weather conditions and other things, the performance of the dog is seldom competent as evidence of the *corpus delicti.* Such evidence

may indicate that the person trailed has been at the scene of the fire or of the death. It does not ordinarily, however, indicate that such person or any other person was present at a time when he might have been a criminal agent in bringing about the fire or the death. *State* v. *Brown,* 88 S. E., 21, 103 S. C., 437, L. R. A., 1916 D, 1295.

The instructions of the trial judge as to the bloodhound evidence offered in this case were not so explicit as required, and were in some particulars erroneous. It is to be doubted likewise if any adequate foundation was laid for the introduction of the proof. Proper steps were taken by counsel for plaintiff in error to get these matters before this court.

Reversed and remanded for a new trial.