## HOLLAND v. STATE

[No. 528, September Term, 1965.]

*Decided December 13, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Jack E. Richards* for appellant.

*Julius A. Romano, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Bernard L. Silbert, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

On this appeal by Henson K. Holland from his conviction of larceny by the Criminal Court of Baltimore in a non-jury trial, the principal question concerns the sufficiency of the evidence, independent of the extrajudicial admission, to establish the *corpus delicti.*

In the forenoon of a September day in 1965, the appellant, an employee of the Scrap Corporation of America, was helping to pick up scrap metal in a company truck of which Neal Pendleton was the driver. At the yard of the F.M.C. Corporation, he and the driver, having loaded a quantity of scrap iron and tin, also picked up five copper plates which, according to the appellant, Pendleton covered with scrap tin so that the guards at the exit could not see the plates. After leaving the F.M.C. yard, Pendleton drove around until he saw a panel truck and a man talking to a woman standing nearby. When Pendleton asked the man if he wanted to make some money, he replied in the affirmative and followed the pick-up truck into an open field in a railroad yard. Two of the copper plates were then placed in the panel truck and the other three were left in the field. Thereafter the appellant, pursuant to the instructions of the driver, returned to the yard of their employer in the company truck and Pendleton remained in the field. Later, when he was interrogated by the police, the appellant made a detailed statement of what had transpired in his own words, after which, in reply to a question as to whether he wished to add anything, he told the police that he thought "Neal left [him] holding the bag" and "that he [Neal Pendleton] was going to sell this copper and keep the money."

At the trial, the plant manager of the F.M.C. Corporation testified that as he was driving in the vicinity of the railroad yard in the afternoon of the same day, he saw two men (neither of whom was the appellant) putting a piece of equip-

ment into the back of a panel truck; that upon closer examination he recognized the equipment with which the truck was laden as copper plates belonging to his company; and that after having ascertained by telephone that the plates had not been sold to the men, he followed the truck until he had an opportunity to see a police officer and inform him of the theft.

The appellant, claiming that the extrajudicial statement he gave the police was nonincriminating, contends that the statement instead of being an admission of guilt was merely a detailed explanation of what he knew of the incident and was made in an attempt to cooperate with the police. He also contends that absent further evidence in support of the statement and the testimony of the plant manager, he should not have been convicted. Lastly, he contends that there was insufficient proof of the *corpus delicti* independent of the extrajudicial admission. Actually the several contentions present a single question as to whether or not the evidence was sufficient to warrant conviction. We think it was.

Contrary to the contention of the appellant, we think the statement permitted the trier of fact to find that it was an admission if not a confession that the appellant had participated in the theft of the copper plates. In the first place, in describing the taking and carrying away of the plates, the appellant always referred to the participants as "we". What he told the police about having seen Pendleton cover up the plates with scrap tin to conceal them from the guards at the exit was an admission that he knew it was wrong to participate in their removal from the yard. Likewise, his statement that Pendleton had left him "holding the bag" and that "he [Pendleton] was going to sell this copper and keep the money" was a further admission that the appellant was a participating party to the unlawful act.

While, as was pointed out in *Vincent v. State,* 220 Md. 232, 151 A. 2d 898 (1959), there is a distinction between a confession and an admission in criminal cases in that a confession is a direct acknowledgment of guilt and an admission is a statement of pertinent facts which, in connection with proof of other facts, tends to prove guilt, the distinction is not significant here because the admissions of the appellant together with the evidence of the plant manager establishing the *corpus delicti* were

674

adequate to warrant the conviction of the appellant even though the plant manager never actually identified him. See *Cooper v. State,* 220 Md. 183, 152 A. 2d 120 (1959). *Cf. Bollinger v. State,* 208 Md. 298, 117 A. 2d 913 (1955).

In *Bradbury v. State,* 233 Md. 421, 424, 197 A. 2d 126 (1964), it was said that the supporting evidence is enough to establish the *corpus delicti* if, when considered in connection with the confession or admission, the trier of facts is satisfied beyond a reasonable doubt that the offense charged was committed and that the accused committed it. Also see *Johnson v. State,* 238 Md. 140, 144, 207 A. 2d 643 (1965), for a holding to the same effect. And see *Pierce v. State,* 227 Md. 221, 175 A. 2d 743 (1961), wherein the extrajudicial statement involved was an admission as distinguished from a confession.

The trial court found the appellant guilty of larceny and we cannot say that the finding was erroneous.

*Judgment affirmed.*