## FRANK T. COLLINS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. March 7, 1969.

Certiorari Denied by Supreme Court June 2, 1969.

Joe P. Binkley, Nashville, Jack O. Bellar, Carthage, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, for defendant in error.

## OPINION

GALBREATH, Judge.

From his conviction for arson in the Criminal Court of Smith County and resulting sentence of from three

to five years in the Penitentiary, the plaintiff in error appeals maintaining that the evidence was insufficient to establish his guilt. We are constrained to agree since a detailed examination of the proofs fails to raise more than a suspicion that the defendant may have been responsible for a criminal burning of a dwelling house destroyed in an unexplained manner by fire on the 14th day of November, 1966, in a rural area of Smith County.

Although the correctness of the judgment below is presumed along with the guilt of an appealing defendant, "this presumption is overcome when a proper consideration of the state's proof fails to show a direct and open relationship between him and the alleged offense." Hawkins v. State, 142 Tenn. 238, 218 S.W. 397.

The house in question had been vacant for some while. It was not wired for electricity and there was no evidence of what caused the conflagration. A neighbor out gathering corn discovered the fire while it was in progress shortly after a black Ford stationwagon bearing a license number beginning with the letter "A", containing three unidentified white men, was observed going towards the house. In checking the ruins relatives of the owner, who was confined in a hospital, noted the absence of debris of items, such as an organ, that would not have been totally consumed in the fire. This naturally aroused suspicions that the contents of the house had been stolen. A short time later the defendant was found to have been in possession of a number of antique items, including the aforementioned organ, that had been in the victim's home. Not only did the defendant fail to satisfactorily explain his possession of the recently stolen property, he gave two conflicting versions of how he came by it. At

one time he stated a relative had passed away and left it to him; another time he said he had bought the property. The defendant had also owned a black Ford station-wagon at the time of the fire.

It is conceded by the State and contended by the defendant that in order to establish the corpus delicti "it must be shown not only that the building was burned, but burned with criminal intent." Copley v. State, 153 Tenn. 189, 281 S.W. 460. The State maintains correctly that "It is well settled that 'all of the elements constituting the corpus delicti may be proven by circumstantial evidence.' Ashby v. State, 124 Tenn. 684, 139 S.W. 872, 875; Copley v. State, 153 Tenn. 189, 281 S.W. 460." Thompson et al. v. State, 171 Tenn. 156, 101 S.W.2d 467.

■ Undoubtedly, the circumstances surrounding the fire and the defendant's possession of property known to have been in the building before it was destroyed were ample to raise serious questions as to how he came by it. They were suspicious enough to have aroused speculation as to whether or not the defendant was responsible for burning the house, perhaps to cover up the crime of larceny. But, of course, it takes more than suspicion to convict. Competent evidence must be presented to resolve the issue of guilt beyond a reasonable doubt against the defendant, and while evidence of possession of recently stolen property raises a legal presumption that the possessor is the thief, there is no presumption from such possession that the possessor committed arson of the building that recently contained the property although this, of course, is a factor to be considered by the jury as circumstantial evidence.

Are the circumstances indicating both corpus delicti and criminal responsibility of the defendant in this case strong enough to convict? Our Supreme Court in dealing with a like problem said:

"The case depends entirely upon circumstantial evidence to establish both the corpus delicti and the criminal agency of the accused. [This case] is no different from any other fact case wherein circumstantial evidence is necessary for conviction. In Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, we attempted at some length to set forth the necessary rules to be followed in establishing a case on circumstantial evidence. Briefly, it is necessary in such a case that all the essential facts must be consistent with the hypothesis of guilt, that is to be compared with all other facts proved; that the facts must exclude every other reasonable theory or hypothesis except that of guilt; and the facts must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that the accused is the one who committed the offense." Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105.

Many hypotheses other than guilt of arson are readily available in the instant case. The house could have burned from spontaneous combustion. A careless match or cigarette from anyone, including one of the three unidentified men seen driving towards the house in the unidentified car could have started the blaze. The action of some animal such as a rat or squirrel gnawing on a match on a kitchen shelf; the accumulation of oily rags in an attic, or any number of inexhaustible hypotheses could be advanced to possibly account for the fire

which left no evidence of an incendiary, or criminal origin.

> "No universal and invariable rule can be laid down as to what would amount to proof of corpus delicti. Each case depends upon its own peculiar circumstance. But in every case of arson two fundamental facts must appear:—first, a burning; and second, some criminal agency which caused the burning. In other words, the corpus delicti in a case of arson is not merely the burning of the house in question, but that it was burned by the wilful act of some person, and not as a result of natural or accidental cause; for if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accident or some providential cause.

> "The confession of one that he burned the building alone will not authorize a conviction. This confession must be corroborated by evidence which, independently of the confession, tends to establish the corpus delicti." Ricketts v. State, 192 Tenn. 649, 241 S.W.2d 604.

Certainly nothing in this case approaches the magnitude of a confession to bolster the circumstantial evidence of the corpus delicti and agency available and the judgment is reversed and the cause remanded for a new trial.

WALKER, P. J., and OLIVER, J., concur.