## 22151

The STATE, Respondent, v. Robert E. MORGAN, Appellant.

(319 S. E. (2d) 335)

Supreme Court

*Henry F. Floyd* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carolyn M. Adams,* Columbia, and *Sol. William B. Traxler,* Greenville, *for respondent.*

Heard June 5, 1984.

Decided Aug. 7, 1984.

LITTLEJOHN, Chief Justice:

The Defendant-Appellant, Robert E. Morgan, was convicted of driving a motor vehicle while under the influence of drugs or alcohol, third offense. He appeals. We affirm.

In the nighttime a motorist, Michael Barnes, was proceeding along a public highway in Pickens County. A Mustang and a Camaro approached him from the rear traveling abreast at a high rate of speed. Inferably, they were racing. The driver of the Mustang lost control of his vehicle and wrecked seriously injuring the occupants. The Camaro proceeded down the road. Within about ten minutes, a Camaro returned to the scene and stopped. It was occupied by a man named Dotson who was at that time driving and by the Defendant, Robert E. Morgan. Dotson was not under the influence.

Law enforcement officers had arrived on the scene to assist the wounded persons and to investigate the happening. They talked with both Dotson and the Defendant. *Miranda* warnings were not given. During the conversation, the Defendant stated to three police officers that he had been using alcohol and marijuana and that he had been driving the Camaro before the wreck. He did not say that he was under the

influence. Officers arrested him and charged him with driving under the influence of drugs or alcohol. He flunked a field sobriety test and later took a breathalyzer test which registered blood alcohol level at 0.13.

The Defendant did not appear for trial but his attorney participated. The trial judge ruled that the statements made to officers by the Defendant before he was arrested were voluntary and admissible in evidence. These statements were the only evidence that Defendant had been driving the Camaro. In this appeal, the Defendant asserts several allegations of error on the part of the trial judge submitting that he was entitled to have the case dismissed as a matter of law or should be granted a new trial.

Defendant first asserts that the trial judge erred in (1) not directing a verdict of acquittal; (2) in failing to grant a motion for judgment of acquittal notwithstanding the verdict of the jury; and (3) in refusing to grant a new trial. Upon a motion for a directed verdict and judgment notwithstanding the verdict, the trial judge is concerned with the existence of evidence and not its weight. *State v. Spann*, 279 S. C. 399, 308 S. E. (2d) 518 (1983). The courts must view the evidence in the light most favorable to the State. *State v. Thompson*, 279 S. C. 405, 308 S. E. (2d) 364 (1983). The evidence recited herein above made issues of fact, and the trial judge did not err in submitting the guilt issues to the jury.

Defendant argues that the trial judge erred in admitting into evidence his statement that he had been using drugs and alcohol and that he had been the driver of the vehicle because officers did not give him the *Miranda* warnings as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966).

The *Miranda* warnings are not required if the defendant is not in custody or significantly deprived of his freedom. *State v. Neely*, 271 S. C. 33, 40, 244 S. E. (2d) 522, 526 (1978). When a defendant is not in custody or significantly deprived of his freedom, any inculpatory statements made at the time are not inadmissible because of the failure to give *Miranda* warnings. Defendant's view that he was deprived of his freedom is not sustained by the record. A traffic accident had just occurred. Dotson volunteered the information that he and the Defendant had seen the accident. What

followed was a routine investigation into the cause. The statements by Defendant were made during the course of this routine investigation. *Miranda* warnings were not required. *Clay v. Riddle,* 541 F. (2d) (4th Cir. 1976); *State v. Tabory,* 260 S. C. 355, 366, 196 S. E. (2d) 111, 114 (1973); *but see McCarthy v. Herdman,* 716 F. (2d) 361 (6th Cir. 1983) *cert. granted* _____ U.S. _____ , 104 S. Ct. 697, 79 L. Ed. (2d) 163 (1984).[1]

Defendant submits that the trial judge erred in allowing into evidence the admission of Defendant that he was the driver without first requiring the State to prove the *corpus delicti.* In *State v. Teal,* 225 S. C. 472, 82 S. E. (2d) 787 (1954), this court stated, "The rule is well established that the conviction cannot be had on the extra-judicial confessions of the defendant unless corroborated by proof *aliunde* of the *corpus delicti." Id.* 225 S. C. at 474, 82 S. E. (2d) at 788.

As pointed out above, the statements of the Defendant ██ did not amount to a confession but assuming without so deciding that a confession was involved which normally would require the proof of the *corpus delicti* before admission, no objection to the evidence on this basis was interposed. The *corpus delicti* was first referred to after all the evidence was before the jury when a motion for a directed verdict was made. Inasmuch as the trial judge had no opportunity to pass upon the issue, the question will not be considered on appeal. State v. Newton, 274 S. C. 287, 262 S. E. (2d) 906 (1980).

The Defendant further submits that the trial judge ██ erred in instructing the jury that the State may establish the guilt of the Defendant simply if the breathalyzer reading is over 0.10. The charge could not be prejudicial in the light of Defendant's admission in his brief, wherein we find:

"The following facts as a matter of the record are uncontradicted: (a) The Appellant [Defendant] was drunk;"

---

[1] "A person subjected to custodial interrogation is entitled to the benefit of procedural safeguards enunciated in Miranda. The roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute 'custodial interrogation' for the purpose of the Miranda rule." *Berkemer, Sheriff of Franklin County, Ohio v. McCarty,* _____ U.S. _____ , 104 S. Ct. 3138, 82 L. Ed. (2d) 317 (1984).

The Defendant also urges that the trial judge erred in ■ his charge to the jury concerning statements made by persons who are voluntarily intoxicated. After deliberating for some time, the jury asked the judge to answer four questions. The first question was: "Is a person legally responsible for statement he makes while under the influence?" In response to this the judge stated, ". . . voluntary intoxication is never a defense to the commission of a crime. Since that is true, I tell you — charge you that a person is legally responsible for a statement he makes while under the influence." The judge had conducted a hearing and concluded that the Defendant's statement was voluntary even though he was intoxicated. See *State v. Saxon*, 261 S. C. 523, 201 S. E. (2d) 114 (1975). He gave a charge to the jury concerning their duty to pass on the credibility of the witnesses. His charge considered as a whole was not in error. *State v. Thompson*, 278 S. C. 1, 292 S. E. (2d) 581 (1982).

Appellant finally contends that, in answering the question of the jury, the trial judge impermissably commented on the facts. Considering the context in which he answered the question, we find no error.

The appeal is without merit and the conviction and sentence is affirmed.

NESS, GREGORY and HARWELL, JJ., and RODNEY A. PEEPLES, as Acting Associate Justice, concur.