2466

The STATE, Appellant v.
Elmer OSBORNE, Respondent.
(467 S.E. (2d) 454)

Court of Appeals

*Associate General Counsel Patrick M. Teague* and *General Counsel Frank L. Valenta, Jr., South Carolina Department of Public Safety*, Columbia, *for appellant.*

*Dallas D. Ball* and *R. Scott Dover*, Pickens, *for respondent.*

Heard Jan. 10, 1996.

Decided Feb. 20, 1996.

*Per Curiam:*

Elmer Osborne was convicted in magistrate's court of driving under the influence (DUI). He appealed, and the circuit court reversed, finding the State obtained the conviction solely on Osborne's confession without corroboration by proof *aliunde* of the *corpus delicti*. The State appeals. We affirm.

## FACTS[1]

Trooper J.M. Bagwell testified that at about 11:17 p.m. on November 24, 1991, he arrived at the scene of a one-car accident. The car had apparently left the roadway, hit a speed limit sign, and was abandoned. Bagwell could not find anyone around the vehicle. He found the hood of the car warm to the touch. Bagwell began patrolling the area.

Deputy Joey Duncan testified he met Osborne at the Hot Spot at about 1:50 a.m. and Osborne was visibly intoxicated. Duncan said Osborne had called to report his car stolen. Duncan told Osborne the penalty for filing a false report and advised him of his *Miranda* rights. Osborne then admitted to Duncan that he wrecked the car.

Duncan and Osborne returned to meet Trooper Bagwell at the scene. During questioning Osborne toled Bagwell the car was stolen. Duncan reminded Osborne what he said at the Hot Spot and Osborne again admitted he wrecked the car. When Duncan then asked Osborne where the keys to the car were, Osborne said he had them in his pocket, and surrendered the keys to Duncan. In Duncan's opinion, Osborne was very intoxicated. Bagwell testified Osborne admitted to him that he had been drinking before he had the accident. Osborne also told Bagwell he did not drink after the accident. Bagwell gave Osborne a field sobriety test, which in the trooper's opinion, Osborne failed. Bagwell then placed Osborne under arrest at about 2:28 a.m. Trooper J.S. Duncan performed the breathalyzer test, which registered Osborne's blood alcohol content at 0.12%.

Osborne moved to dismiss the case, claiming there was no evidence of the *corpus delicti*. The motion was denied and the magistrate found Osborne guilty.[2] Osborne timely appealed his conviction. The circuit court held the State failed to prove the *corpus delicti* of DUI, and ordered the case dismissed. The court noted that although it may have been obvious that a wreck had occured, it was not obvious that a crime had occurred, especially not the crime of DUI. The State appeals.

---

[1] The record on appeal contains no testimony. These facts are taken from the summaries of the testimony appearing in the magistrate's and circuit court judge's orders.

[2] The magistrate granted Osborne's motion to strike the field sobriety test, but admitted the results of the breathalyzer test.

## DISCUSSION

The State argues the circuit court erred by reversing and dismissing Osborne's conviction for DUI on the grounds the State relied solely on Osborne's extrajudicial confessions to prove the crime, and failed to present proof *aliunde* of the *corpus delicti*. The State first argues that Osborne's statements did not constitute a confession, thus they could be used as the sole evidence to convict Osborne. We disagree. The State relies on *State v. Morgan*, 282 S.C. 409, 319 S.E. (2d) 335 (1984) in support of this argument. However, in *Morgan*, our supreme court decided the issue of whether the State failed to prove the *corpus delicti* with proof *aliunde* Morgan's statements on a procedural ground stating "assuming without so deciding that a confession was involved . . . no objection . . . was interposed." 282 S.C. at 412, 319 S.E. (2d) at 337.[3] Thus, the State's reliance on *Morgan* is misplaced.

"[A] 'confession' is the direct acknowledgment of guilt whereas an 'admission' is a statement of pertinent facts which, in connection with proof of other facts tends to prove guilt." *United States v. Cobb*, 448 F. Supp. 886, 893 (D.S.C. 1977) (citing *Holland v. State*, 244 Md. 671, 224 A. (2d) 864 (1966), *aff'd*, 568 F. (2d) 774 (4th Cir. 1978). *See also State v. Epes*, 209 S.C. 246, 39 S.E. (2d) 769 (1946) (a confession is an acknowledgement of guilt made by a person after an offense has been committed; a statement of an independent fact from which guilt might be inferred is not a confession). We conclude Osborne's retraction of his allegation that the car was stolen, and his statements that he wrecked the car, drank before the accident, and did not have anything to drink after the accident, amount to a confession that he was driving the car while under the influence.

The State summarily argues the evidence produced by the State, without Osborne's statement, is sufficient to sustain the conviction. We disagree. A conviction cannot be had on a confession unless corroborated by proof *aliunde* of the *corpus delicti*. *State v. White*, 311 S.C. 289, 428 S.E. (2d) 740 (Ct. App. 1993). *"corpus delicti"* means the fact that a specific crime has

---

[3] The court in *Morgan* found Morgan's statement was not an inadmissible confession due to the State's failure to give the *Miranda* warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. (2d) 694 (1966) in custodial interrogations. 282 S.C. at 411-12, 319 S.E. (2d) at 336-37.

been committed. *Id.* The State must produce proof of the *corpus delicti* aside from the defendant's extrajudicial confession. *Brown v. State,* 307 S.C. 465, 415 S.E. (2d) 811 (1992). Before a defendant can be required to proceed with his defense, the State must establish some proof of the *corpus delicti. State v. Brown,* 103 S.C. 437, 88 S.E. 21 (1916). The prosecution must show the actual commission by someone of the particular offense charged. *Id.* If there is no evidence to prove the *corpus delicti,* the defendant is entitled to a directed verdict of not guilty. *Id.; State v. Epes,* 209 S.C. 246, 39 S.E. (2d) 769 (1946).

Osborne's alleged offense, DUI, is defined by S.C. Code Ann. § 56-5-2930 (Rev. 1991) as follows:

It is unlawful . . . for any person who is under the influence of intoxicating liquors, narcotic drugs, barbiturates, paraldehydes or drugs, herbs or any other substance of like character, whether synthetic or natural, to drive any vehicle within this State.

In *State v. Sheppard,* 248 S.C. 464, 150 S.E. (2d) 916 (1966), the Supreme Court stated the act of operating a motor vehicle with impaired faculties is the gravamen of the offense. Thus, the *corpus delicti* of DUI is as follows:

(1) driving a vehicle (meaning there is direct or circumstantial evidence the vehicle was in motion);
(2) within this State;
(3) while under the influence of intoxicating liquors, drugs, or any other substance of like character.

*See State v. Townsend,* 321 S.C. 55, 467 S.E. (2d) 138 (Ct. App. 1996). We find the State failed to prove *aliunde* that Osborne was driving a vehicle while under the influence.

The evidence of the corpus delicti in a particular case must be established by the best proof attainable, although direct and positive evidence is not essential. *State v. Speights,* 263 S.C. 127, 208 S.E. (2d) 43 (1974); *State v. Epes,* 209 S.C. 246, 39 S.E. (2d) 769 (1946). The only evidence Osborne drove his vehicle while under the influence, other than his statements, is as follows:

1) Osborne's car was in an accident,
2) the car hood was warm at 11:17 p.m.,

3) a breathalyzer administered more than three hours after the accident registered .14%,
4) Osborne attempted to file a false report of a stolen vehicle.

We find this evidence insufficient to prove the *corpus delicti*. To find guilt on this evidence, the fact finder must impermissibly speculate as to facts not in existence. *See State v. Brown,* 267 S.C. 311, 227 S.E. (2d) 674 (1976) (a motion for directed verdict should be granted for a defendant where the evidence permits the jury to speculate as to the accused's guilt). The State failed to provide evidence sufficient to prove Osborne operated the vehicle while he was under the influence.

Accordingly, for the foregoing reasons, the order of the circuit court is

Affirmed.

HOWELL, C.J., CURETON and CONNOR, JJ., concur.