**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Genari Gre'Sean McNeil, Appellant.

Appellate Case No. 2023-000591

———————————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-006
Heard November 12, 2025 – Filed January 14, 2026

———————————

**AFFIRMED**

———————————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, Assistant
Attorney General Tommy Evans, Jr., and Solicitor Byron
E. Gipson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Genari McNeil appeals his convictions and sentences for two counts of murder, armed robbery, first-degree burglary, and possession of a weapon during the commission of a violent crime. On appeal, he argues the trial court erred by admitting (1) statements he made to a detective while he was being treated in the hospital; (2) security video from the hospital despite the State's failure to properly authenticate it; (3) improper hearsay testimony of statements made to the detective; (4) graphic images and video footage that should have been excluded under Rule 403, SCRE; and (5) failing to instruct the jury on mere presence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We hold the trial court correctly found that McNeil was not in custody when he was questioned at the hospital; thus, *Miranda*[1] warnings were not required. *State v. Easler*, 322 S.C. 333, 342, 471 S.E.2d 745, 751 (Ct. App. 1996) ("Our review of the issue of custody is limited to a determination of whether the ruling by the trial court is supported by the testimony."), *aff'd as modified*, 327 S.C. 121, 489 S.E.2d 617 (1997); *see State v. Doby*, 273 S.C. 704, 707, 258 S.E.2d 896, 899 (1979) ("*Miranda* applies 'only where there has been such a restriction on a person's freedom as to render him "in custody."'" (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977))); *State v. Morgan*, 282 S.C. 409, 411, 319 S.E.2d 335, 336 (1984) ("*Miranda* warnings are not required if the defendant is not in custody or significantly deprived of his freedom."); *id.* at 411-12, 319 S.E.2d at 336-37 (holding *Miranda* warnings are not required when statements are made in response to routine investigation); *State v. Lynch*, 375 S.C. 628, 633, 654 S.E.2d 292, 295 (Ct. App. 2007) ("*Miranda* rights attach only if the suspect is subject to custodial interrogation." (footnote omitted)). Sargeant Simpson went to the hospital twelve hours after being notified McNeil was there as it is standard procedure to question gunshot victims. McNeil was unrestrained when he agreed to speak with Simpson, he was not under arrest, and medical personnel were in and out of the room during the questioning. McNeil was free to stop the questioning at any time, so this was neither a custodial nor an involuntary interrogation. Thus, the ruling by the trial court was supported by the record and was not an abuse of discretion.

2. We hold the circuit court did not err in admitting the hospital security video. *State v. Brown*, 424 S.C. 479, 487, 818 S.E.2d 735, 739-40 (2018) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (quoting *State v. Douglas*, 369

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006))); *id.* at 488, 818 S.E.2d at 740 ("It is black letter law that evidence must be authenticated or identified in order to be admissible."). Section 19-5-520(A) of the South Carolina Code (Supp. 2025) provides as follows:

> In addition to those matters provided by Rule 902, South Carolina Rules of Evidence, extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (A) The original or a copy of a domestic record that meets the requirements of Rule 803(6), South Carolina Rules of Evidence, as shown by a certification of the custodian or another qualified person that complies with a state statute or a court rule.

Rule 803(6), SCRE, provides that records of a regularly conducted activity are not excluded by the rule against hearsay if the record is "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity." We find no abuse of discretion because the certificate of authenticity was executed by the hospital security manager who attested that the video was produced and maintained in the regular course of business and accurately depicted the original record from the time and date in question. Even if it was error to allow the video, there is no prejudice. *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."). There is no dispute that McNeil was in the hospital at some point after the shootings. Furthermore, the court admitted a still shot from the security video into evidence without any objection from McNeil, and Sargeant Simpson testified that McNeil was the person in the image.

3. We hold the trial court did not err in denying McNeil's request for a jury instruction on mere presence. *State v. Franklin*, 299 S.C. 133, 141, 382 S.E.2d 911, 915 (1989) (holding "[a] defendant is entitled to a charge on mere presence" only "if the evidence supports it"); *State v. Dennis*, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct. App. 1996) ("'Mere presence' is generally applicable . . . in instances where there is some doubt over whether a person is guilty of a crime by virtue of accomplice liability, [in which case] the trial court may be required to instruct the jury that 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'" (quoting *State v. Austin*, 299 S.C. 456, 459, 385 S.E.2d 830, 832 (1989))). McNeil repeatedly told police he was nowhere near Skyland Drive at the time of the shooting. He only stated one

time in over seven hours of questioning that he may have been in the parking lot at the time of the murders but offered no other details. *See Franklin*, 299 S.C. at 141, 382 S.E.2d at 915 (upholding the refusal to give a mere presence instruction when defendant's "own testimony refute[d] any contention that he was merely present when the [crime] occurred"). Furthermore, McNeil's blood was found in multiple places in the apartment, he was wearing what appeared to be the same clothes as one of the assailants on the Ring camera, the scene of the crime was inside the apartment, and he never explained how he sustained the gunshot wounds from merely being in the parking lot during the home invasion. Thus, the evidence did not support a jury instruction on mere presence.

4. We hold the trial court erred in allowing third party statements to be introduced through Simpson; however, the error was harmless. *State v. Brockmeyer*, 406 S.C. 324, 351, 751 S.E.2d 645, 659 (2013) ("Hearsay is a statement, . . . other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." (quoting *In re Care & Treatment of Harvey*, 355 S.C. 53, 61, 584 S.E.2d 893, 897 (2003))); *State v. King*, 422 S.C. 47, 67, 810 S.E.2d 18, 29 (2017) ("So-called 'investigative hearsay' is still, fundamentally, hearsay."); *id.* ("There is no special kind of evidence known as 'investigative hearsay[.]'"); *id.* at 70, 810 S.E.2d at 30 (holding that testimony from an officer based exclusively on what he was told by witnesses during his investigation was improper hearsay); *Collins*, 409 S.C. at 537, 763 S.E.2d at 29 ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."). Simpson's testimony was based exclusively on what others told him at the scene and was offered to establish the time McNeil arrived at the hospital. Therefore, it was hearsay. Despite this, we hold the error was harmless because McNeil failed to object to other similar statements made by Simpson regarding the timing of McNeil's arrival at the hospital relative to the shots fired call. Because of McNeil's failure to object to those statements, the admission of this statement was merely cumulative. *See State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93-94 (2011) ("Improperly admitted hearsay which is merely cumulative to other evidence may be viewed as harmless."). In addition, we know from Simpson's testimony that he interviewed McNeil at the hospital the morning after the murders and that McNeil had been shot. Furthermore, there is other substantial evidence linking McNeil to the crime. *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) (An insubstantial error that does not affect the result of the trial is considered harmless "where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'"(quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))).

Therefore, we find the admission of the statement could not have contributed to the verdict.

5. We hold the trial court did not err in admitting images and video footage of one of the victim's bodies. *See* Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Brown*, 424 S.C. at 487, 818 S.E.2d at 739-40 ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." (quoting *Douglas*, 369 S.C. at 429, 632 S.E.2d at 847-48)); *State v. Benton*, 443 S.C. 1, 9, 901 S.E.2d 701, 705 (2024) ("[T]he pictures here were relevant as they depicted the crime scene. They drew probative force from their unique power to make [other] testimony more believable. The pictures gave important context to the testimony and other evidence about who did what at the scene."); *Collins*, 409 S.C. at 536, 763 S.E.2d at 28 ("The law is well settled that the mere fact that a photograph is gruesome is not a reason for its non admission." (quoting *State v. Ernst*, 114 A.2d 369, 373 (1955))); *see also State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 229 (2010) (stating it is not an abuse of discretion for a trial court to admit photographic evidence if it is offered to corroborate testimony); *id.* at 623, 703 S.E.2d at 228-29 ("To be classified as unfairly prejudicial, photographs must have a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Franklin*, 318 S.C. 47, 55, 456 S.E.2d 357, 361 (1995))). The images and video footage were offered to show malice as well as to establish the state's theory of how the crime occurred. *State v. Hawes*, 423 S.C. 118, 130, 813 S.E.2d 513, 519 (Ct. App. 2018) (finding no abuse of discretion in admitting crime scene photographs where the "photographs outweighed their prejudicial effect because these photos showed 'the scene as it occurred' and 'where the body was found in the house'"); *see also* S.C. Code Ann § 16-3-10 (2015) (defining murder as "the killing of any person with malice aforethought, either express or implied"). The trial court engaged in its Rule 403 analysis on the record and considered the probative value of the images and video footage against its prejudicial effect. The court ultimately determined that the images and video footage supported the state's theory of the case and were not overly gory or gruesome. Therefore, the trial court did not abuse its discretion by admitting the images and video footage.

**AFFIRMED.**

**MCDONALD, HEWITT, and TURNER, JJ., concur.**