20631

The STATE, Appellant, v. Thomas J. GILLIAM, Respondent.

(242 S. E. (2d) 410)

*Daniel R. McLeod, Atty. Gen., Marvin C. Jones,* and *F. Kimball, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*Thomas F. McDow,* of Rock Hill, *for Respondent,*

March 7, 1978.

*Per Curiam:*

The respondent, Thomas J. Gilliam, was tried in the Magistrate's Court for Cherokee County on a charge of driving under the influence in violation of § 56-5-2930, South Carolina Code (1976). At the conclusion of the testimony, the respondent's motion for a directed verdict was denied and the case submitted to a jury. A verdict of guilty was returned and the respondent was sentenced.

An appeal was taken to the Court of General Sessions for Cherokee County and, subsequent to a hearing on the matter, the circuit judge held that the magistrate erred in failing to direct a verdict for the respondent upon the ground that there was no competent evidence to support the conviction. The State has appealed from the circuit judge's order, which reversed the conviction and remanded the case to the

magistrate for the entry of a verdict of not guilty. We are in unanimous agreement that the order under appeal must be reversed.

Uncontradicted evidence was presented that the respondent was found alone on the passenger side of a wrecked automobile, which had gone down an embankment on the right hand side of the highway. The operator of a tow truck arrived at the scene about fifteen (15) minutes after the accident occurred. He testified that the respondent smelled of alcohol and appeared to be under the influence. There was also testimony that respondent was "rambling" in his conversation, when interviewed at the hospital a short time later, "just talking out of his head;" but admitted that he was driving his automobile at the time of the accident. An open bottle of an alcoholic beverage was found in the automobile.

The foregoing evidence amply supports the submission of the case to the jury. See *State v. Marshall*, 250 S. C. 448, 158 S. E. (2d) 650 (1968). Accordingly, we reverse the order of the circuit judge and reinstate the conviction.