23602

Charles E. BROWN, Petitioner v. STATE of South Carolina, Respondent.

(415 S.E. (2d) 811)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey of South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, and Asst. Atty. Gen. Miller W. Shealy, Jr., Columbia, for respondent.*

Submitted Jan. 22, 1992.

Decided Mar. 16, 1992.

MOORE, Justice:

Petitioner was convicted of murder and sentenced to life imprisonment. Both his direct appeal and application for post-conviction relief (PCR) were denied. We granted this petition for writ of certiorari to determine whether the PCR judge erred in finding that petitioner received effective assistance of counsel. We affirm.

## I. FACTS

On April 26, 1987, Danny Bennett informed police that petitioner had shown him the body of Phoebe Patterson and confessed to killing her. As a result of this information, police

found Patterson's decapitated body in a wooded area in the town of Estill. The head was found ten to fifteen feet from the body and the lower jaw and neck area were missing. The forensic pathologist testified at trial that she could not determine a cause of death and although she found no evidence of foul play, she could not rule out strangulation.

## II. ISSUE

The sole issue is whether petitioner received effective assistance of counsel when counsel failed to move for a directed verdict on the grounds that the evidence did not establish the *corpus delicti* of murder.

## III. DISCUSSION

To prove ineffective assistance of counsel, petitioner must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's performance, there is a reasonable probability the result would have been different. *Martinez v. State*, 304 S.C. 39, 403 S.E. (2d) 113 (1991). At the PCR hearing, petitioner argued that he did not receive effective assistance of counsel because trial counsel failed to move for a directed verdict on the ground that the evidence did not establish the *corpus delicti* of murder independently of his extrajudicial confessions. The PCR judge found that trial counsel made all the necessary motions and held that petitioner received effective assistance of counsel. This Court's review of PCR matters is limited to a determination of whether there is any evidence to support the PCR judge's findings of fact. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

The State must produce proof *aliunde* of the *corpus delicti* aside from the extrajudicial confession of the defendant. *State v. Owens*, 293 S.C. 161, 359 S.E. (2d) 275 (1987). In a murder trial, the *corpus delicti* consists of two elements: the death of a human being and the criminal act of another causing the death. *State v. Speights*, 263 S.C. 127, 208 S.E. (2d) 43 (1974). This Court has held that the *corpus delicti* of murder may be established by circumstantial evidence when it is the best evidence obtainable. *Id.* Furthermore, this Court has held that circumstantial evidence may be sufficient to establish the *corpus delicti* of murder even though the

cause of death can not be determined. *State v. Howard,* 295 S.C. 462, 369 S.E. (2d) 132 (1988); and *State v. Thomas,* 222 S.C. 484, 73 S.E. (2d) 722 (1952).

A case should be submitted to the jury if there is any substantial evidence, either direct or circumstantial, which tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. *State v. Williams,* 303 S.C. 274, 400 S.E. (2d) 131 (1991). Since strangulation was a possible cause of death and in light of the condition in which the body was found, the case was properly submitted to the jury. Therefore, trial counsel's failure to move for a directed verdict was not deficient performance which prejudiced petitioner, and the PCR judge correctly denied petitioner's PCR application.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.