2448

The STATE of South Carolina, Appellant v. Melvin E. TOWNSEND, Respondent.

(467 S.E. (2d) 138)

Court of Appeals

*Associate General Counsel Patrick M. Teague* and *General Counsel Frank L. Valenta, Jr.,* both of *S.C. Department of Public Safety,* Columbia, *for appellant.*

*James H. Price, III* and *J. Falkner Wilkes,* Greenville, *for respondent.*

Submitted Oct. 3, 1995.

Decided Jan. 22, 1996; Reh. Den. Feb. 22, 1996.

CONNOR, Judge:

A magistrate's court jury convicted Melvin Townsend of driving under the influence, first offense. Townsend appealed to the circuit court, which reversed and remanded for a new trial. The state appeals. We reverse the circuit court and reinstate the conviction.

On May 3, 1994, State Trooper Don Bannister received a call that a 1991 Lincoln had "cut down" a power pole and run into an old bank building in Waterloo, South Carolina. Upon

arriving at the scene, he questioned some firemen about who was driving the vehicle. The firemen pointed to Townsend. Bannister noticed Townsend smelled like alcohol and therefore administered several field sobriety tests. After Townsend admitted he was driving the Lincoln, Bannister placed him under arrest for DUI. He registered a .21 on the breathalyzer test.

At trial, Townsend again admitted he had been driving the wrecked vehicle. However, he alleged he became upset after someone ran him off the road and drank some alcohol he had in his car.

On appeal, the circuit judge reversed the jury's conviction, holding the magistrate had erroneously admitted Townsend's extrajudicial confession without first requiring the state to independently prove the *corpus delicti* of the offense. The judge also held the magistrate erred in admitting impermissible hearsay by allowing Bannister to testify the firemen pointed to Townsend as the driver of the wrecked vehicle. The state appeals on two grounds.

First, the state alleges the circuit court judge erred when he found the state failed to prove the *corpus delicti* of driving under the influence. Before a defendant can be required to present a defense, the state must establish some proof of the *corpus delicti*. *State v. Brown*, 103 S.C. 437, 88 S.E. 21 (1916). Moreover, a conviction based on a confession cannot stand unless corroborated by proof *aliunde* of the *corpus delicti*. *State v. Teal*, 225 S.C. 472, 82 S.E. (2d) 787 (1954). In other words, the state must produce proof of the *corpus delicti* aside from the defendant's extrajudicial confession. *Brown v. State*, 307 S.C. 465, 415 S.E. (2d) 811 (1992).

While evidence of the *corpus delicti* in a particular case must be established by the best proof attainable, direct evidence is not essential. *State v. Speights*, 263 S.C. 127, 208 S.E. (2d) 43 (1974); *State v. Epes*, 209 S.C. 246, 39 S.E. (2d) 769 (1946). The *corpus delicti* may be sufficiently proved by presumptive or circumstantial evidence when that is the best obtainable. *Speights; Epes; State v. Roof*, 196 S.C. 204, 12 S.E. (2d) 705 (1941).

South Carolina Code Ann. § 56-5-2930 (1991), provides, in part: "It is unlawful for any person ... who is under the influence of intoxicating liquors ... to drive any ve-

hicle within this State." The act of operating a motor vehicle with impaired faculties is the gravamen of the offense. *State v. Sheppard*, 248 S.C. 464, 150 S.E. (2d) 916 (1966). The *corpus delicti* of DUI is: (1) driving a vehicle; (2) within this State; (3) while under the influence of intoxicating liquors, drugs, or any other substance of like character. S.C. Code Ann. § 56-5-2930 (1991).

In *State v. Gilliam*, 270 S.C. 345, 242 S.E. (2d) 410 (1978), the evidence established the defendant was alone in the passenger side of a wrecked automobile down an embankment on the right side of the road. A tow truck operator, who arrived about 15 minutes after the accident, stated the defendant smelled of alcohol and appeared to be under the influence. An open bottle of alcoholic beverage was found in the car. Testimony also indicated that, when interviewed at the hospital a short time later, the defendant admitted he was driving his car when the wreck occurred. The circuit court had reversed the magistrate court conviction, finding no competent evidence to support the conviction. The Supreme Court reversed the circuit court order and reinstated the conviction, holding the evidence sufficient to submit the case to the jury on DUI.

In the case before us, the state relied on the following circumstances to prove its case. Townsend was at the scene where his car had been involved in a wreck. He smelled like alcohol, failed field sobriety tests, and appeared to be intoxicated. A breathalyzer test showed his blood alcohol level to be .21. This is enough evidence, albeit circumstantial evidence, to submit the case to the jury. *Brown v. State*, 307 S.C. 465, 415 S.E. (2d) 811 (1992) (a case should be submitted to the jury if there is any substantial evidence, either direct or circumstantial, which tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced); *State v. White*, 311 S.C. 289, 428 S.E. (2d) 740 (Ct. App. 1993) (precise questions of whether defendant drove motor vehicle while under the influence of alcohol or drugs were properly left to the jury as factfinders). Accordingly, the circuit court judge erred in reversing Townsend's conviction on this ground.

Second, the state alleges the circuit court judge erred in holding Trooper Bannister's testimony concerning the firemen pointing out Townsend as the driver of the

car prejudicial hearsay. Hearsay is an out of court statement, offered in court to prove the truth of the matter asserted. *State v. Williams,* 285 S.C. 544, 331 S.E. (2d) 354 (Ct. App. 1985). Hearsay is inadmissible as evidence unless an exception applies. *Id.* Gestures, such as pointing a finger, may be hearsay if the gestures were intended as communication. *Id.* In this case, the firemen's gestures in response to Trooper Bannister's inquiries were intended as communication and, accordingly, were hearsay. However, the improper admission of hearsay is reversible error only when the admission causes prejudice. *State v. Craig,* 267 S.C. 262, 227 S.E. (2d) 306 (1976). Where the hearsay is merely cumulative to other evidence, its admission is harmless. *State v. Williams.* Here, the improper hearsay testimony was cumulative in that the identity of the driver had already been established both by other circumstantial evidence and by the defendant's admission, both at trial and in court. Therefore, this testimony did not prejudice Townsend. Accordingly, the circuit court judge erred in holding the admission of this testimony reversible error.

Reversed.

HOWELL, C.J. and SHAW, J., concur.