493 S.E.2d 506

The STATE, Respondent,

v.

Anthony Evett SMITH, Appellant.

No. 2746.

Court of Appeals of South Carolina.

Submitted Oct. 8, 1997.

Decided Nov. 3, 1997.

Chief Attorney Daniel T. Stacey, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Columbia, Solicitor Dudley Saleeby, Jr., Florence, for respondent.

HOWELL, Chief Judge:

Anthony Evett Smith appeals from his conviction for third-offense driving under the influence. We affirm.

## I.

Chief Fore of the Sellers police department arrived at the scene of a single-car accident on Highway 301, approximately 1½ miles outside the town of Sellers. The vehicle had left the road and landed in a ditch about a foot away from a light pole. When Fore arrived at the scene, he saw Smith pulling up and chewing on blades of grass. Smith then returned to the car,

leaning against the trunk. Marvin Graham and Richard McCray, both of whom Fore knew, were also at the scene of the wreck.

Chief Fore approached Graham, who told him that Smith was driving the car and that Smith lost control of the car while he was attempting to pass another car. Fore then confronted Smith, who admitted driving the car. Fore noticed a strong odor of alcohol on Smith's breath. When Trooper Page arrived at the scene, Chief Fore relayed this information to him.

Trooper Page testified that, in the presence of Graham and McCray, Smith admitted he had been driving the car and described the events leading up to the wreck. Page asked Graham and McCray if they had anything to add to Smith's description of the events, but they agreed with Smith's statement. After administering two field sobriety tests to Smith, Page determined that he was going to arrest Smith for driving under the influence, and he placed Smith in the patrol car while he finished his investigation of the scene. Page stated that before he left the scene with Smith, he individually talked to Graham and McCray again, and both identified Smith as the driver of the car.

Trooper Joy, the breathalyzer operator, testified that Smith had a blood alcohol level of .26 percent. Joy also testified that Smith admitted to being the driver of the car.

## II.

On appeal, Smith contends the trial court erred by allowing Chief Fore to recount Graham's hearsay testimony that Smith was the driver of the car. Smith further argues that the trial court should have granted his motion for a directed verdict because, absent Fore's improper testimony, the State failed to establish the *corpus delicti* of the crime of driving under the influence (DUI). We disagree.

Before a defendant in a criminal case can be required to present a defense, the State must present some proof of the *corpus delicti* of the crime. *State v. Brown,* 103 S.C. 437, 88 S.E. 21 (1916). That is, the prosecution must show the actual commission by someone of the particular

offense charged. *State v. Teal,* 225 S.C. 472, 82 S.E.2d 787 (1954). A conviction based on an extra-judicial confession by the defendant cannot stand unless corroborated by proof *aliunde* of the *corpus delicti. State v. Williams,* 321 S.C. 381, 468 S.E.2d 656 (1996). The *corpus delicti* of a crime may be established by circumstantial evidence, if that is the best evidence attainable. *State v. Owens,* 293 S.C. 161, 359 S.E.2d 275, *cert. denied,* 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed.2d 495 (1987); *State v. Speights,* 263 S.C. 127, 208 S.E.2d 43 (1974).

■ To establish the *corpus delicti* of the offense of DUI, the State must present evidence establishing (1) the driving of a vehicle; (2) within this State; (3) while under the influence of intoxicating liquors or drugs. *State v. Townsend,* 321 S.C. 55, 58, 467 S.E.2d 138, 140 (Ct.App.1996), *cert. denied,* (September 5, 1996); *State v. Osborne,* 321 S.C. 196, 467 S.E.2d 454 (Ct.App.1996) (*cert. granted,* April 2, 1997). Thus, in order to sustain a DUI conviction, there must be evidence other than the defendant's extra-judicial statements that *someone* (but not necessarily the defendant) was driving while impaired. *City of Easley v. Portman,* 327 S.C. 593, 596, 490 S.E.2d 613, 615 (Ct.App.1997) ("Independent proof of the defendant's identity as the guilty party is not required to prove the *corpus delicti.*"); *cf. Williams v. State,* 96 Ga.App. 833, 101 S.E.2d 747, 750 (1958) (To establish the *corpus delicti* of the offense of DUI, the State must establish "*either* (a) that the person driving the vehicle, whether identified or not, was intoxicated at the time, or (b) that the defendant (even though his intoxicated condition can clearly be shown) was in fact the driver.") (emphasis added), *overruled in part on other grounds by Stephens v. State,* 127 Ga.App. 416, 193 S.E.2d 870 (1972).

■ In this case, there was ample evidence establishing that Smith was intoxicated. Thus, if there was evidence, other than Smith's own statements, that Smith was driving the car, then the *corpus delicti* was adequately established. Trooper Page testified *without objection* that, outside the presence of Smith, Graham and McCray both identified Smith as the driver at the time the wreck occurred. While it may be that

this testimony would not have been admitted had an objection been made, no such objection was made, and we therefore cannot ignore the testimony.[1] Thus, without considering the challenged testimony of Chief Fore, the State presented sufficient evidence other than Smith's own statements establishing the *corpus delicti* of the crime of DUI. Accordingly, the trial court properly denied Smith's motion for directed verdict.

■ As to Smith's challenge to Chief Fore's testimony that Graham identified Smith as the driver, we need not determine whether the testimony was properly admitted. The testimony was cumulative to the testimony of Chief Fore, Trooper Page, and Trooper Joy that Smith admitted he was the driver, and to Trooper Page's unobjected-to testimony that Graham and McCray identified Smith as the driver. Therefore, even assuming that the testimony should have been excluded, the error was harmless. *See State v. Schumpert,* 312 S.C. 502, 435 S.E.2d 859 (1993) (Any error in the admission of evidence cumulative to other unobjected-to evidence is harmless.); *State v. Johnson,* 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless where it is merely cumulative to other evidence.").

1. While Smith did object to Chief Fore's testimony that Graham identified Smith as the driver, this objection cannot be construed as extending to Trooper Page's testimony. Chief Fore testified that Graham identified Smith as the driver in Smith's presence, under circumstances where Smith could have heard the statement. Accordingly, the trial court admitted Graham's statement under the theory that Smith had adopted Graham's statement by failing to refute it. *See* Rule 801(d)(2)(B), SCRE (excluding from the definition of hearsay a statement offered against a party in which the party has "manifested an adoption or belief in its truth."). The statements of Graham and McCray, however, were made to Trooper Page when Smith was in the patrol car. Given that these statements were made outside Smith's presence and without his knowledge, it cannot be argued that Smith adopted the statements made by Graham and McCray. *Cf. State v. Sharpe,* 239 S.C. 258, 271, 122 S.E.2d 622, 629 (1961) ("[S]tatements [made] in the presence of the accused by a third person are admissible as evidence when such accused remains silent and does not deny such statements."), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991). Accordingly, the trial court's ruling as to the admissibility of Chief Fore's testimony cannot be construed to extend to the testimony of Trooper Page, and an objection to Trooper Page's testimony was therefore required.

Accordingly, for the foregoing reasons, the decision of the trial court is hereby

AFFIRMED.

HEARN and STILWELL, JJ., concur.