515 S.E.2d 547

**The STATE, Respondent,**

v.

**John Lee McCOMBS, Appellant.**

No. 2962.

Court of Appeals of South Carolina.

Heard Feb. 9, 1999.

Decided March 15, 1999.

---

2. In light of our disposition on the waiver issue, we need not address JUA's remaining arguments.

124

Melvin L. Roberts, of York, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney, General Salley W. Elliott and Senior Assistant Attorney, General Harold M. Coombs, Jr., all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

STILWELL, Judge:

John Lee McCombs appeals his conviction for driving under the influence on three grounds, all of which concern the law of *corpus delicti*. We affirm.

## FACTS

On September 4, 1994, Sergeant James Thomasson of the York City Police Department was patrolling a residential area when he discovered what appeared to be a traffic accident. A truck was sitting crossways in a street, blocking the roadway. McCombs was standing outside the driver's door and two injured passengers were in the truck. The driver's seat was vacant. The truck appeared to have run off the road, up an

embankment, and into a resident's yard before hitting a parked car. No one was in the car, but the car's owner, a resident of the neighborhood, was on the scene.

Sergeant Thomasson heard glass shattering as he arrived and concluded that the accident occurred only moments earlier. He also concluded that McCombs, whom he knew and recognized as the truck's owner, was the driver of the truck. Sergeant Thomasson testified that McCombs had bloodshot eyes, slurred speech, and smelled of alcohol. Based on these observations, the officer believed McCombs was under the influence and placed him under arrest. McCombs told Sergeant Thomasson that he was the driver and that he had been drinking, but claimed mechanical failure caused the accident. McCombs's subsequent breathalyzer test reflected a .16 percent blood alcohol level.

## DISCUSSION

### I. Directed Verdict Motion

■ McCombs argues the trial court erred in denying his directed verdict motion because there was not sufficient evidence of the *corpus delicti* of DUI *aliunde* McCombs's confession to submit the case to the jury or to sustain his conviction. We disagree.

■ Before a criminal defendant can be required to present a defense, the prosecution must present some proof of the *corpus delicti* of the offense charged. *State v. Smith,* 328 S.C. 622, 624, 493 S.E.2d 506, 508 (Ct.App.1997). A conviction based upon a defendant's extra-judicial confession cannot be sustained without proof corroborating the *corpus delicti. Id.* at 625, 493 S.E.2d at 508. The evidence required to prevent a directed verdict, however, may be presumptive or circumstantial when it is the best evidence obtainable. *State v. Townsend,* 321 S.C. 55, 57–58, 467 S.E.2d 138, 140 (Ct.App.1996). "If there is any evidence tending to establish the *corpus delicti* of the offense charged against the accused, then it is the duty of the trial court to submit the question of whether the offense occurred to the jury." *City of Easley v. Portman,* 327 S.C. 593, 596, 490 S.E.2d 613, 615 (Ct.App.1997).

■ The *corpus delicti* of DUI is: (1) driving a vehicle; (2) within this state; (3) while under the influence of intoxicating liquors or drugs. *Smith,* 328 S.C. at 625, 493 S.E.2d at 508; *see* S.C.Code Ann. § 56–5–2930 (1991) (amendment effective June 29, 1998 (Supp.1998)).

In *State v. Osborne,* the court of appeals found the following evidence insufficient to prove the *corpus delicti* of DUI without reference to Osborne's self-incriminating statement: (1) Osborne's car was in an accident; (2) the car hood was warm when officers arrived at the scene; (3) Osborne's breathalyzer test administered more than three hours after the accident registered .14 percent; and (4) Osborne attempted to file a false report of a stolen vehicle. *State v. Osborne,* 321 S.C. 196, 200–01, 467 S.E.2d 454, 457 (Ct.App.1996), *cert. granted* (April 2, 1997). Unlike this case, officers did not discover Osborne at the scene, but at a bar more than two hours after the accident. *Id.*

This case shares more similarities with *Townsend.* In that case, Townsend was at the scene of his wrecked car, smelled of alcohol, failed field sobriety tests, and appeared intoxicated. His breathalyser test showed a blood alcohol level of .21 percent. Like Townsend, McCombs was discovered at the scene in an apparent intoxicated state. McCombs smelled of alcohol and failed his breathalyzer. Although the officer in this case did not perform field sobriety tests because of the narrow street and his concern for the injured passengers, he had no doubt that McCombs was impaired and should not have been driving.

The State presented enough circumstantial evidence against McCombs to create an issue of fact for the jury. Although no witness testified to seeing McCombs driving his truck that night, the State offered enough evidence of the *corpus delicti* independent of McCombs's statements for the trial court to submit the case to the jury.

## II. Admission of Statements

■ McCombs also argues the trial court erred in permitting the State to admit his "confession" before it proved the *corpus delicti* of DUI. We disagree.

Sergeant Thomasson testified that as he placed McCombs under arrest, McCombs stated that he was the driver and had been drinking, but that mechanical failure caused the accident.

■ "Proof of corpus delicti is not a prerequisite to the admission of an extra-judicial confession of a defendant." *State v. Williams*, 321 S.C. 381, 385 n. 2, 468 S.E.2d 656, 658 n. 2 (1996). Rather, if the State fails to prove the *corpus delicti* and the sole evidence of guilt is the defendant's confession, then a directed verdict in favor of the defendant is required. *Id.* Thus, assuming for purposes of this argument that McCombs's statements were a confession and that they were introduced before the State produced proof of the *corpus delicti*, the timing of the admission was not error.

### III. Jury Charge

■ In his final argument, McCombs challenges the trial court's refusal to give the following jury instruction:

Where a Defendant is charged with the crime of driving under the influence, the state must produce proof of the corpus delicti aside from any statements that may have been made by the Defendant. The state much [sic] prove the actual commission by someone of the particular offense charged and in this case, the state must prove that the "someone" was in fact the defendant.

Unless the state proves to your satisfaction beyond a reasonable doubt that the Defendant was in fact driving his motor vehicle and that he was under the influence of intoxicating liquors or drugs while driving his motor vehicle, then you must find him not guilty.

McCombs's instruction, if given, would require the jury to decide if the State proved the *corpus delicti* independent of McCombs's statements. Clearly, it is not within a trial court's discretion to send to the jury a case where the *corpus delicti* is not proven *aliunde* of the defendant's extra-judicial confession. As such, the issue is a question of law for the court, not a question of fact for the jury. Therefore, the trial court did not abuse its discretion in refusing to give the requested jury instruction. Thus, McCombs's DUI conviction is

**AFFIRMED.**

HEARN and HUFF, JJ., concur.