(134 P.3d 666)
No. 94,525

CITY OF MANHATTAN, *Appellee,* v. CARL W. FERIL, *Appellant.*

Opinion filed May 19, 2006.

*John W. Thurston* and *Troy V. Huser,* of Huser Law Offices, P.A., of Manhattan, for appellant.

*Katharine J. Jackson,* assistant city attorney, and *Matthew Richter,* city prosecutor, for appellee.

Before RULON, C.J., MARQUARDT and HILL, JJ.

MARQUARDT, J.: Carl Feril appeals his conviction for one count of driving under the influence of alcohol (DUI). We affirm.

In March 2004, Officer Steve Fritzson was on patrol when he received radio contact from a neighboring jurisdiction. Officers in

that jurisdiction observed a white Ford truck with Texas plates driving without headlights in an area near Officer Fritzson's location. Officer Fritzson testified that he located the truck at a convenience store within a few minutes of hearing the radio call.

Officer Fritzson observed the driver climbing into the truck's cab. Officer Fritzson approached the driver and informed him of the report about someone driving without headlights. Feril told the officer that he was not from the area and had been driving without headlights for a short distance.

During the conversation with Feril, Officer Fritzson observed lethargic movements, bloodshot eyes, and an odor of alcohol. Feril admitted that he had been drinking. Officer Fritzson administered several field sobriety tests which Feril failed to complete in a satisfactory manner. Ultimately, Feril was arrested and taken into custody. While in custody, Feril provided a sample for a breath alcohol test which registered 0.180.

Feril was charged with one count of DUI, second offense. The municipal court found him guilty, and Feril appealed to the district court. After a bench trial, the district court found that the uncontroverted evidence proved Feril was guilty as charged. Feril received a $1,000 fine and was sentenced to serve 5 days in jail, with a 1-year term of probation. Feril appeals his conviction.

Prior to trial, Feril filed a motion to suppress evidence claiming that Officer Fritzson did not have reasonable suspicion to justify a stop. The district court held an evidentiary hearing and concluded that the interaction between Feril and Officer Fritzson was voluntary. The motion to suppress was denied.

On appeal, Feril argues that he was not free to leave once he was approached by Officer Fritzson. Feril contends that since Officer Fritzson had no first-hand knowledge that he was driving, he was not justified in approaching Feril's vehicle.

When reviewing a motion to suppress, the appellate court determines whether the factual underpinnings of the trial court's decision are supported by substantial competent evidence. However, the ultimate legal conclusion drawn from those facts is a legal question requiring the appellate court to apply a de novo standard of review. The appellate court does not reweigh the evidence. *State*

*v. Green*, 32 Kan. App. 2d 789, 792, 89 P.3d 940, *rev. denied* 278 Kan. 849 (2004).

After the district court rendered its verdict, Feril filed a motion for acquittal arguing that the City of Manhattan (City) failed to establish the corpus delicti of the crime. Feril claimed that a prima facie showing of corpus delicti must be made independent of a confession. The trial court heard arguments from counsel and ruled that the City was only required to prove elements that would show that a crime was committed. The trial court denied the motion.

On appeal, Feril renews his claim that the City's prima facie showing of corpus delicti must be made independent of his confession. Feril claims that there was no evidence he either owned or operated the vehicle, because it was parked when he was arrested. Feril contends that he should not have been convicted without competent evidence which corroborated his admission of driving.

On appeal, the reviewing court must decide whether a rational factfinder could have found the accused guilty beyond a reasonable doubt. The standard of review on a motion for a judgment of acquittal in a criminal case is sufficiency of the evidence. *State v. Wiggett*, 273 Kan. 438, 443, 44 P.3d 381 (2002).

Kansas law on corpus delicti is very consistent; a conviction of even the gravest offense may be sustained by circumstantial evidence. In order to establish corpus delicti, the extrajudicial confession of a criminal defendant must be corroborated by other evidence tending to show that the crime was committed. It need not be corroborated as to the person who committed the crime since identity of the perpetrator is not a part of the corpus delicti and may be established by an extrajudicial confession alone. *State v. Bradford*, 254 Kan. 133, 139, 864 P.2d 680 (1993).

No appellate court in this state has been called upon to evaluate corpus delicti within the framework of the crime of DUI. However, the matter has been taken up by several other jurisdictions. In *City of Easley v. Portman*, 327 S.C. 593, 596, 490 S.E.2d 613 (Ct. App. 1997), the South Carolina Court of Appeals ruled that to satisfy the corpus delicti of DUI, the State need only prove that *"someone drove the automobile."* The court followed up that reasoning in

*State v. McCombs*, 335 S.C. 123, 126, 515 S.E.2d 547 (Ct. App. 1999), by noting: " 'If there is any evidence tending to establish the *corpus delicti* of the offense charged against the accused, then it is the duty of the trial court to submit the question of whether the offense occurred to the jury.' "

In the instant case, Officer Fritzson testified that he received radio contact from a neighboring jurisdiction that a white Ford truck with an extended cab and Texas plates was driving without headlights. That information satisfied the corpus delicti of driving. The portion of the corpus delicti involving intoxication was directly observed by Officer Fritzson, who smelled the alcohol and saw Feril's bloodshot eyes, as well as his failure to complete the field sobriety tests.

Identity of the perpetrator is not part of the corpus delicti. Feril's extrajudicial confession to Officer Fritzson that he was driving is enough to justify a conviction for the DUI offense. See *Bradford*, 254 Kan. at 139.

The Texas license plates distinguished Feril's truck from any number of white Ford vehicles on the road. In addition, Feril presented a Texas driver's license, and Officer Fritzson saw Feril climbing into the driver's side of the truck's cab. These facts alone provide sufficient circumstantial evidence to prove that Feril was the driver spotted by officers in another county.

Officer Fritzson's verbal exchange with Feril was not a custodial interrogation. Feril's response to Officer Fritzson's comment was voluntary. A custodial interrogation occurs when a person who has been taken into custody or otherwise deprived of his or her freedom is questioned. See *State v. Gooden*, 22 Kan. App. 2d 271, Syl. ¶ 3, 915 P. 2d 169, *rev. denied* 260 Kan. 998 (1996). Feril had not been taken into custody, nor was he deprived of his freedom. Officer Fritzson was justified in stopping Feril. Feril's conviction is affirmed.

Affirmed.