**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Zebbulin Alan Short, Appellant,

v.

The State of South Carolina, Respondent.

Appellate Case No. 2017-001983

———————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-044
Submitted January 1, 2020 – Filed February 12, 2020

———————

**AFFIRMED**

———————

William Norman Epps, III, of Epps & Epps, LLC, of
Anderson, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, for Respondent.

———————

**PER CURIAM:** Zebullin Alan Short appeals a circuit court order affirming his conviction of driving with an unlawful alcohol concentration (DUAC). On appeal, Short argues the magistrate court (1) lacked jurisdiction to hold a trial for DUAC

when the original traffic ticket was for driving under the influence (DUI); (2) improperly denied Short's motion for a directed verdict; (3) erred in failing to give a requested jury charge; and (4) erred in limiting Short's cross-examination of Officer Brian Mayfield. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: S.C. Code Ann. § 56-5-2933(A) (2018) ("It is unlawful for a person to drive a motor vehicle within this State while his alcohol concentration is eight one-hundredths of one percent or more."); S.C. Code Ann. § 56-5-2933(A)(1) (2018) (explaining a first offense for DUAC may be tried in magistrate court); S.C. Code Ann. § 56-5-2933(I) (2018) ("A person charged for a violation of [s]ection 56-5-2930 may be prosecuted pursuant to this section if the original testing of the person's breath . . . was performed within two hours of the time of arrest and reasonable suspicion existed to justify the traffic stop."); S.C. Code Ann. § 56-5-2930(A) (2018) ("It is unlawful for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired . . . ."); S.C. Code Ann. § 56-5-2933(J) (2018) ("A person charged with [DUAC] must be given notice of intent to prosecute under the provisions of this section at least thirty calendar days before his trial date.").

2. As to issue two: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the [trial] court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Bailey*, 368 S.C. 39, 45, 626 S.E.2d 898, 901 (Ct. App. 2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case properly submitted to the jury." (quoting *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001))); *State v. Osborne*, 335 S.C. 172, 179-80, 516 S.E.2d 201, 204-05 (1999) ("[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred."); *State v. Townsend*, 321 S.C. 55, 58, 467 S.E.2d 138, 140 (Ct. App. 1996) (explaining failed sobriety tests, the smell of alcohol, and a breathalyzer test indicating a .21% alcohol level, considered together with the defendant's lone presence at the scene, was "enough evidence, albeit circumstantial evidence" to submit a DUI case to the jury).

3. As to issue three: *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury

charge as a whole in light of the evidence and issues presented at trial."); *id.* at 318, 577 S.E.2d at 464 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *State v. McCombs*, 335 S.C. 123, 128, 515 S.E.2d 547, 550 (Ct. App. 1999) ("It is not within a trial court's discretion to send to the jury a case where the *corpus delicti* is not proven *aliunde* of the defendant's extra-judicial confession.  As such, the issue is a question of law for the court, not a question of fact for the jury.").

4.  As to issue four: *State v. Sherard*, 303 S.C. 172, 174, 399 S.E.2d 595, 596 (1991) ("[I]t is well settled that the scope of cross-examination is within the [trial court's] discretion, and [an appellate court] will not interfere absent a showing of prejudice by the complaining party."); Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] To the extent Short argues the trial court erred by refusing to admit South Carolina Law Enforcement Division (SLED) records into evidence, the issue was not raised to the trial court and is not preserved.  *State v. Freiburger*, 366 S.C. 125, 135, 620 S.E.2d 737, 742 (2005) ("The rule is well established that if asserted errors are not presented to the [trial] court, the question cannot be raised for the first time on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.