**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joy H. Wymer, Appellant,

v.

Floyd B. Hiott, III, Respondent.

Appellate Case No. 2022-000063

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

Unpublished Opinion No. 2023-UP-041
Submitted January 1, 2023 – Filed February 1, 2023

**AFFIRMED**

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Appellant.

Jon A. Mersereau, of Charleston, for Respondent.

John Fulton Knobeloch, of King & Knobeloch, PC, of Mount Pleasant, as Guardian ad Litem.

**PER CURIAM:** Joy Wymer (Mother) appeals a family court order denying her request to change the surname of the parties' minor child (Child). On appeal, Mother argues the family court erred by (1) failing to properly weigh the *Mazzone*

*v. Miles*[1] factors and (2) awarding Floyd B. Hiott, III, (Father) attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err by denying Mother's request to change Child's surname because she failed to meet her burden of proving the name change was in Child's best interest. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (explaining that on appeal from the family court, an appellate court reviews factual and legal issues de novo); *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009) ("[An] appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. However, this broad scope of review does not require [an appellate c]ourt to disregard the findings of the family court.") (citation omitted); *Wilson v. McDonald*, 393 S.C. 419, 422, 713 S.E.2d 306, 308 (Ct. App. 2011) ("The parent seeking a name change bears the burden of proving the change furthers the child's best interests."); *Mazzone*, 341 S.C. at 210-11, 532 S.E.2d at 893-94 (setting forth a non-exhaustive list of factors to consider when deciding whether a request to change a child's surname is in the child's best interest: "(1) the length of time that the child has used the present surname; (2) the effect of the change on the preservation and development of the child's relationship with each parent; (3) the identification of the child as part of a family unit; (4) the wishes of the parents; (5) the stated reason for the proposed change; (6) the motive of the parents and the possibility that the use of a different name will cause insecurity or a lack of identity; (7) the difficulty, harassment, or embarrassment that the child may experience when the child bears a surname different from the custodial parent; (8) the preference of the child if the child is of an age and maturity to express a meaningful preference; and (9) the degree of community respect associated with the present and proposed surname").

Additionally, we hold the family court did not err by sustaining Father's hearsay objections to testimony regarding what Child said his name was because Mother offered the testimony for the truth of the matter asserted, and no exceptions to the hearsay rule applied. *See* Rule 802, SCRE ("Hearsay is not admissible except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the Supreme Court of this State or by statute."); *State v. Parvin*, 413 S.C. 497, 503, 777 S.E.2d 1, 4 (Ct. App. 2015) ("Hearsay is an out of court statement, offered in court to prove the truth of the matter asserted." (quoting *State v. Townsend*, 321 S.C. 55, 59, 467 S.E.2d 138, 141 (Ct. App. 1996))); Rule 803(1)-(3), SCRE (explaining the exceptions to the general rule against hearsay include when a hearsay statement conveys the declarant's present sense impression, constitutes an

---

[1] 341 S.C. 203, 532 S.E.2d 890 (Ct. App. 2000).

excited utterance, or portrays a then existing mental, emotional, or physical condition).

2. We hold the family court did not err by awarding Father attorney's fees and costs. *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating an appellate court "reviews a family court's award of attorney's fees de novo"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating the family court should consider the following factors when determining whether attorney's fees should be awarded: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living").

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.